1  DANIELLE L. OCHS, CA Bar No. 178677
   danielle.ochs@ogletreedeakins.com
2  BECKI D. GRAHAM, CA Bar No. 238010
   becki.graham@ogletreedeakins.com
3  OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
   SteuartTower, Suite 1300
4  OneMarketPlaza
   San Francisco, CA94105
5  Telephone:   415.442.4810
   Facsimile:   415.442.4870
6
7  Attorneys for Plaintiff
   TOPPAN PHOTOMASKS, INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TOPPAN PHOTOMASKS, INC., | Case No.  CV 13-3323 MMC |
| Plaintiff, | **[PROPOSED]** TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT BE ISSUED |
| vs. | |
| KEUNTAEKPARK, an individual, | Complaint Filed: July 17, 2013 |
| Defendant. | Judge:           Hon. Maxine M. Chesney |

**[PROPOSED] TEMPORARY RESTRAINING ORDER**

Pursuant to Rule 65(b) of the Federal Rules of Civil Procedure and Local Rule 65-1, Plaintiff's application for a temporary restraining order and an order to show cause why a preliminary injunction should not issue came before this Court for consideration on ___July 18___, 2013 at ___2:00 p.m.___.  Upon consideration of the application, and for good cause shown:

IT IS HEREBY ORDERED as follows:

1.  The Court finds that Plaintiff Toppan Photomasks, Inc. ("Plaintiff" or "TPI") has demonstrated a substantial likelihood of success on the merits of its claims against Defendant Keun Taek Park ("Defendant" or "Park") for violation of the California Uniform Trade Secrets Act based on his alleged acquisition of TPI's trade secrets and breach of contract in connection with his alleged breach of multiple confidentiality agreements between the parties.  The Court further finds that Plaintiff has demonstrated that, without an order from this Court, it will suffer irreparable harm and that the balance of hardships strongly favors Plaintiff.  Accordingly, the Court finds that a temporary restraining order and order to show cause why a preliminary injunction should not issue are in the public interest.

2.  The Court HEREBY TEMPORARILY RESTRAINS, ENJOINS, and ORDERS Defendant as follows:

   a.  Defendant is enjoined from accessing TPI's computer systems or networks;

   b.  Defendant is enjoined from possessing, using or disclosing any of TPI's confidential information and/or proprietary data related to its plasma creation and dry etching processes including but not limited to the information contained in the excel file entitled "work_daily tracking.xlsx" and the word file entitled "work_daily.doc", both of which were attached to an email dated November 29, 2012 sent from KT.Park@photomaks.com to parkindresden@yahoo.com with a subject line entitled "files" (hereinafter "Trade Secrets");

   c.  Defendant is required to account (through expedited discovery) for and return to TPI any and all of TPI's property, including its Trade Secrets

obtained by Defendant from TPI;

  d. ~~Defendant is requried to submit to an inspection of Defendant's personal and work email, servers, hard drives, computer(s), mobile devises, PDAs, USB drives and other computer equipment utilized by Defendant, including any hosted equipment, by a forensic expert to ensure that any of TPI's Trade Secrets do not exist on such devices;~~ and

  e. Defendant must appear for his deposition within 15 ~~10~~ days of service of the Court's order on Defendant.

3. No security is required in this matter.  There is no realistic likelihood of harm to defendant from enjoining his conduct as set forth above.

4. This Order and all supporting pleadings and papers shall be served upon Defendant by  July 22 , 2013.

**[PROPOSED] ORDER TO SHOW CAUSE RE PRELIMINARY INJUNCTION**

Defendant is hereby ordered to appear before the Court at  10:00 a.m.  on  August 1 , 2013, to show cause why this order should not be extended until the conclusion of this litigation.

Dated:  July 19 , 2013

UNITED STATES DISTRICT JUDGE
MAXINE M. CHESNEY

15466069.1

2 Case No.:  CV 1333323MEJ
**[PROPOSED] TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT BE ISSUED**