UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOPPAN PHOTOMASKS, INC., <br><br>  Plaintiff, <br><br> v. <br><br> KEUN TAEK PARK, <br><br>  Defendant. | Case No.  13-cv-03323-MMC (JCS) <br><br> **ORDER RE: DEFENDANT'S REQUEST FOR LEAVE TO FILE MOTION FOR RECONSIDERATION** <br><br> Re: Dkt. Nos. 88, 89, 91 |

## I. INTRODUCTION

On June 9, 2014, Defendant Keun Taek Park ("Park") filed a letter requesting leave to file a motion for reconsideration. Dkt. No. 89. The letter also requested a stay of the Court's May 29, 2014 order granting in part and denying in part Plaintiff Toppan Photomasks, Inc.'s ("TPI") motion for sanctions. *Id.*; Dkt. No. 88 ("Sanctions Order"). On June 11, 2014, the Court ordered TPI to file a response to Park's letter. Dkt. No. 90 ("Park Letter"). The Court also stayed the Sanctions Order pending its ruling on Park's request for leave to file a motion for reconsideration. *Id.* On June 12, 2014, TPI filed a response to Park's letter. Dkt. No. 91 ("TPI Letter"). For the reasons set out below, the Court GRANTS IN PART AND DENIES IN PART Park's request for leave to file a motion for reconsideration. The stay of the Sanctions Order is lifted. Except as to the portion of the Sanctions Order which ordered Park to reimburse TPI for the entire cost of Advanced Discovery ("AD") fees to date, the Sanctions Order is in full force and effect, as modified by this order.

## II. DISCUSSION

Park requests leave to file a motion for reconsideration of the Sanctions Order under Civil Local Rule 7-9. *See* Park Letter at 1. Park argues that reconsideration is appropriate because the

1  Court "could not have discerned" certain relevant facts as a result of the "limited briefing" that
2  Park was allowed. *See id.* After TPI's motion for sanctions, the parties were allowed eight pages
3  total for a joint letter. *See* Dkt. No. 61. TPI argues that Park fails to meet the standard set out in
4  Rule 7-9 and that Park did not make his request diligently. *See* TPI Letter at 1. In light of the
5  limited briefing that was allowed, the Court finds that reconsideration of one issue is appropriate.

### A.   Monetary Sanctions: Advanced Discovery Fees

Park seeks reconsideration of the Court's findings that Advanced Discovery ("AD") was "TPI's forensic inspector" and that "Park's deletion of documents gave rise to the [AD] fees." Park Letter at 2 (citing Sanctions Order at 4:21–22, 19:7–8). Park also seeks reconsideration of the award of "the costs of [AD] fees to date." *Id.* (citing Sanctions Order at 19:22–23). Park asserts that AD was hired by both parties to be the neutral e-discovery vendor of this case, and it hosts the Relativity electronic document review platform. *Id.* Park argues that as a result, AD billed for a variety of fees related to the litigation, only a portion of which were related to forensic work that was the subject of TPI's motion for sanctions. *See id.*

TPI argues that Park's bases for reconsideration are neither new nor disputed. TPI Letter at 2. TPI asserts that "Park has been intimately involved in the forensic processing of his electronic devices and is well aware of the fees that have been charged to the parties." *Id.* TPI notes that it submitted AD invoices and a declaration from an AD employee in support of the motion for sanctions. *Id.* (citing Decl. of Danielle Ochs in Supp. of Mot. for Sanctions ¶¶ 14–15, Ex. O; Decl. of Aaron Magley in Supp. of Mot. for Sanctions). TPI points to the Court's language that the AD invoices showed the costs of "researching these devices." *Id.* (citing Sanctions Order at 5:6).

In the Sanctions Order, the Court found that in light of the fact that "Park's deletion of documents gave rise to the [AD] fees and prompted the [motion for sanctions]," Park should be responsible for paying the AD fees incurred to date. *See* Sanctions Order at 19:7–9, 22–23. The intent of the Court's language is clear: Park should pay the AD fees associated with the recovery of deleted files that were the subject of TPI's motion for sanctions. *Accord Net-Com Servs., Inc. v. Eupen Cable USA, Inc.*, CV 11-2553 JGB SSX, 2013 WL 4007785, at *3 (C.D. Cal. Aug. 5, 2013) (requiring spoliator to "pay the full cost of restoration and production"); *Nat'l Ass'n of Radiation*

2

1  *Survivors v. Turnage*, 115 F.R.D. 543, 558–59 (N.D. Cal. 1987) (requiring spoliator to "reimburse
2  plaintiffs for all fees and costs incurred in ascertaining the documents destroyed during the
3  defendant's purge and in reconstructing them, if possible").

4        In concluding that Park should be subject to these monetary sanctions, the Court discerned
5  from the parties' arguments and evidence that all of the AD fees arose from AD's recovery of
6  deleted files. However, in his letter requesting leave to file a motion for reconsideration, Park
7  asserts that only a portion of the AD fees arose from recovery tasks. In light of the limited briefing
8  that was available to both parties, the Court finds that reconsideration is appropriate on this issue.
9  Accordingly, reconsideration of this issue is GRANTED, but it shall not take the form of new
10 briefing. Rather, the parties shall include any arguments or evidence on this issue in the briefing
11 regarding attorney's fees.

12       **B.    Delay in Turning Over Devices**

13       Park seeks reconsideration of the Court's finding that "[o]n August 20, 2013, Park released
14 twelve electronic devices to . . . [AD]," that "Park and his counsel appear to have caused delays in
15 turning over all the Devices to [AD]," and that "Park delayed timely turning over his electronic
16 devices to [AD]." Park Letter at 3 (citing Sanctions Order at 14:20–22, 19:4–5). TPI argues that
17 this argument fails because all of the facts related to this conclusion have been in the record since
18 December 2013. TPI Letter at 2.

19       In analyzing Park's degree of fault in connection with the issue of whether adverse
20 sanctions should be imposed, the Court observed that Park and his counsel may have caused
21 delays in turning over the devices. *See* Sanctions Order at 14:20–21 ("[T]he Court notes that Park
22 and his counsel appear to have caused delays in turning over all of the devices to [AD] for
23 inspection."). However, the observations regarding the possible delay were not conclusive or
24 dispositive to the Court's key finding that Park had varying degrees of fault from the time that his
25 duty to preserve evidence arose on May 23, 2013 until Judge Chesney's order at the temporary
26 restraining order ("TRO") hearing on July 18, 2013. *See* Sanctions Order at 13–14. The Court
27 noted the apparent delay caused by Park or his counsel as a possible factor contributing to the
28 findings regarding Park's degree of fault, but this factor was not dispositive. Importantly, the

3

1  Court's finding of Park's bad faith was premised entirely on Park's failure to comply with Judge
2  Chesney's oral order at the July 18, 2013 TRO hearing and the TRO that was entered that same
3  day. *See id.* at 14:9–19, 22–25. Accordingly, this issue is not one of material fact, and
4  reconsideration of this issue is DENIED.

   **C.   Files to be Carved**

6  Park seeks reconsideration of the Court's award that "Park shall pay the costs of carving all
7  overwritten user files that were deleted or overwritten after his duty to preserve evidence arose on
8  May 23, 2013." Park Letter at 3 (citing Sanctions Order at 19:23–24). Park argues that an
9  examination of the deleted file logs "makes clear that [AD employee] Magley has an expansive
10 definition of 'user-created' file[s] and that not all such files deleted after May 23, 2013 are even
11 remotely relevant to the case and need to be carved." *Id.* Park proposes that the parties consult
12 with forensic vendors regarding carving and provide the Court with a proposal or proposals on the
13 data carving that should be ordered. *See id.*
14 TPI argues that a motion for reconsideration is not the appropriate vehicle to address
15 Park's concerns. TPI Letter at 2. TPI asserts its position that "[i]f, after TPI determines which files
16 need to be carved, Park objects based on the relevancy of those files, he can bring a motion for a
17 protective order at that time." *Id.* TPI argues that "[i]t is premature and inappropriate to seek the
18 Court's intervention before anything objectionable has taken place." *Id.*
19 The Court agrees with TPI. TPI shall identify the files that it believes should be carved. If
20 Park has any objections to the identified files, then he may bring a motion for a protective order at
21 that time. Accordingly, reconsideration of this issue is DENIED.

   **D.   TPI's Request for Reconsideration**

23 In its letter, TPI wrote: "if the Court decides to grant Park's [request for leave to file a
24 motion for reconsideration], TPI requests that the Court similarly allow it to file a motion for
25 reconsideration of its denial of the imposition of adverse inferences." TPI Letter at 2–3. TPI states
26 that it "has uncovered new material facts just prior to the issuance of the [Sanctions] Order that it
27 believes weigh in favor of granting adverse inferences." *Id.* at 3. Specifically, TPI claims to have
28 "uncovered additional forensic evidence that particular key documents evidencing

4

1  misappropriation of trade secrets were deleted by Park, and TPI's inability to uncover the original
2  meta data has prejudiced its ability to prove its misappropriation claim." *Id.*
3        In light of the Court's narrow grant of Park's request for reconsideration, the Court sees no
4  reason to reconsider its findings regarding adverse inferences. TPI's request is DENIED.

## III.  CONCLUSION

      For the foregoing reasons, Park's request for leave to file a motion for reconsideration is GRANTED IN PART AND DENIED IN PART. The stay of the Sanctions Order is lifted, and the parties must file any objection to the Sanctions Order under Rule 72(a) of the Federal Rules of Civil Procedure within fourteen days of the date of this order. *See* Fed. R. Civ. P. 72. The Court also orders that the parties shall submit a stipulated briefing schedule regarding attorney's fees within fourteen days of the date of this order. In the briefing regarding attorney's fees, the parties are permitted to include arguments and evidence regarding the portion of AD fees attributable to the recovery of files that were the subject of TPI's motion for sanctions.

**IT IS SO ORDERED.**

Dated: June 17, 2014

                                                 JOSEPH C. SPERO
                                                 United States Magistrate Judge