DANIELLE L. OCHS, CA Bar No. 178677
danielle.ochs@ogletreedeakins.com
BECKI D. GRAHAM, CA Bar No. 238010
becki.graham@ogletreedeakins.com
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
Steuart Tower, Suite 1300
One Market Plaza
San Francisco, CA  94105
Telephone:    415.442.4810
Facsimile:    415.442.4870

Attorneys for Plaintiff
TOPPAN PHOTOMASKS, INC.


MARC N. BERNSTEIN, CA Bar No. 145837
mbernstein@blgrp.com
WILL B. FITTON, CA Bar No. 182818
wfitton@blgrp.com
THE BUSINESS LITIGATION GROUP. P.C.
555 Montgomery St., Suite 1650
San Francisco, CA 94111
Telephone:    415.765.6633
Facsimile:    415.283.4804

Attorneys for Defendant
KEUN TAEK PARK

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| TOPPAN PHOTOMASKS, INC., <br><br>      Plaintiff, <br><br>   vs. <br><br> KEUN TAEK PARK, an individual, <br><br>      Defendant. | Case No.  3:13-cv-03323-MMC <br><br> **STIPULATED PERMANENT INJUNCTION AND [PROPOSED] ORDER** <br><br> Complaint Filed: July 15, 2013 <br> Trial Date:        April 20, 2015 <br> Judge:              Hon. Maxine M. Chesney |

Case No.:  3:13-cv-03323-MMC
**STIPULATED PRELIMINARY INJUNCTION AND [PROPOSED] ORDER**

**STIPULATED PERMANENT INJUNCTION**

WHEREAS, on July 17, 2013, Plaintiff Toppan Photomasks, Inc. ("Plaintiff" or "TPI") filed the above-captioned action (the "Litigation") against Defendant Keun Taek Park ("Defendant" or "Mr. Park") (collectively, the "Parties")

WHEREAS TPI contends Mr. Park misappropriated trade secrets belonging to TPI, and breached one or more contracts between him and TPI;

WHEREAS Mr. Park denies each of TPI's allegations; and

WHEREAS, the Parties now wish to end the litigation, and have agreed as a basis for doing so to stipulate and agree to the issuance of a permanent injunction, as set forth herein (and agree to request that the Court so order);

NOW THEREFORE, the Parties stipulate and agree, and request the Court enter an order (the "Order"), as follows:

1. The Parties agree that from the date the Court issues this order, continuing for a period of ten (10) years thereafter, unless the Court otherwise orders, Defendant (and anyone acting on his behalf who receives actual notice of this Stipulation and Proposed Order) is hereby permanently restrained and enjoined from the following conduct:

   a. Accessing TPI's computer systems or networks;

   b. Possessing, using, or disclosing any document or electronically stored information (as defined by FRCP Rule 34(a)(1)(a)) that belongs to TPI and relates to TPI's plasma creation and dry etching processes, and that contains information that either:

      1. TPI has designated as a trade secret in the Litigation; or

      2. is otherwise a TPI trade secret.

   Such a document or instance of electronically stored information shall be referred to here as a "Confidential TPI Document;" or

      3. Park otherwise has a duty to return to TPI.

   c. "Possessing" a Confidential TPI Document, as used in this Order, means having possession, custody, or control of the Confidential TPI Document.

   d. "Using" a Confidential TPI Document, as used in this Order, means to refer,

after the date of this Order, to any Confidential TPI Document for assistance with or use in any dry-etch engineering process or project.

   e. "Disclosing" a Confidential TPI Document, as used in this Order, means to refer, after the date of this Order, to any Confidential TPI Document in order to communicate its contents to any other person.

 2. Within seventy-two (72) hours of any discovery of TPI Confidential Documents in Defendant's possession, custody, or control, Defendant shall return such materials to TPI through TPI's counsel of record along with a written declaration (1) identifying the Confidential TPI Documents discovered, (2) describing their precise location (e.g., found at _____ (place) in a computer file with the following path name: _____ ), and (3) affirming that Defendant has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Confidential TPI Documents.

 3. Any Confidential TPI Documents discovered and returned under Paragraph 2 shall be treated as Highly Confidential – Attorneys' Eyes Only as defined by the Stipulated Protective Order (the "Order") executed by the Parties in this litigation and shall be handled in a manner consistent with the Order.

 4. This order shall survive the dismissal of this action.

DATED: December 2, 2014    OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

            By: /s/ Danielle Ochs
              DANIELLE L. OCHS
              BECKI D. GRAHAM
              Attorneys for Plaintiff
              TOPPAN PHOTOMASKS, INC.

DATED:  December 2, 2014          THE BUSINESS LITIGATION GROUP, P.C.


By:  /s/ Will B. Fitton
     MARC N. BERNSTEIN
     WILL B. FITTON
     Attorneys for Defendant
     KEUN TAEK PARK


## ATTESTATION OF CONCURRENCE IN FILING

In accordance with Civil Local Rule 5-1(i)(3), I attest that concurrence in the filing of this document has been obtained from Will B. Fitton.

Dated:  December 2, 2014                /s/ Danielle Ochs
                                        DANIELLE L. OCHS
                                        BECKI D. GRAHAM
                                        Attorneys for Plaintiff


## [PROPOSED] ORDER

**SO ORDERED.**

Dated: December 3, 2014          _____
                                 MAXINE M. CHESNEY
                                 UNITED STATES DISTRICT JUDGE

18658213.3